Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

District of Montana

Helena Division

| | | |
|---|---|---|
| Greg R. Gerdes | ) | Case No. _____ |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| see attached | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names. Do not include addresses here.)* | | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION


ATTACHMENT


| | | |
|---|---|---|
| Greg Gerdes, | ) | |
| Plaintiff, | ) | Case No. -------------------------- |
| | ) | |
| V. | ) | |
| | ) | Defendants |
| Drenda Niemann, | ) | |
| Roger Baltz, | ) | |
| Kari DesRosier, | ) | |
| Keni Grose, | ) | |
| Emily McGlenn, | ) | |
| Defendants. | ) | |
| ------------------------------------------------------- | ) | |


Attachment to page 1 of 6

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | | | |
|---|---|---|---|
| Name | Greg Gerdes | | |
| Address | 2235 Oro Fino Gulch Rd | | |
| | Helena | MT | 59601 |
| | *City* | *State* | *Zip Code* |
| County | Lewis & Clark | | |
| Telephone Number | 406-214-4893 | | |
| E-Mail Address | orionarlo@yahoo.com | | |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | | | |
|---|---|---|---|
| Name | Drenda Niemann | | |
| Job or Title *(if known)* | Lewis & Clark County Health Officer | | |
| Address | 1930 9th Ave. (work) | | |
| | Helena | MT | 59601 |
| | *City* | *State* | *Zip Code* |
| County | Lewis & Clark | | |
| Telephone Number | 406-457-8910 (work) | | |
| E-Mail Address *(if known)* | dniemann@lccountymt.gov (work) | | |

☑ Individual capacity    ☐ Official capacity

Defendant No. 2

| | | | |
|---|---|---|---|
| Name | Roger Baltz | | |
| Job or Title *(if known)* | Lewis & Clark County Chief Administrative Officer | | |
| Address | 316 N Park Ave. (work) | | |
| | Helena | MT | 59623 |
| | *City* | *State* | *Zip Code* |
| County | Lewis & Clark | | |
| Telephone Number | 406-447-8311 (work) | | |
| E-Mail Address *(if known)* | rbaltz@lccountymt.gov (work) | | |

☑ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

| | | | |
|---|---|---|---|
| Name | Kari DesRosier | | |
| Job or Title *(if known)* | Lewis & Clark County Human Resources Director | | |
| Address | 316 N Park Ave (work) | | |
| | Helena | MT | 59623 |
| | *City* | *State* | *Zip Code* |
| County | Lewis & Clark | | |
| Telephone Number | 406-447-8310 (work) | | |
| E-Mail Address *(if known)* | kdesrosier@lccountymt.gov (work) | | |

☑ Individual capacity      ☐ Official capacity

Defendant No. 4

| | | | |
|---|---|---|---|
| Name | Keni Grose | | |
| Job or Title *(if known)* | Lewis & Clark County Human Resources Generalist | | |
| Address | 316 N Park Ave (work) | | |
| | Helena | MT | 59623 |
| | *City* | *State* | *Zip Code* |
| County | Lewis & Clark | | |
| Telephone Number | 406-447-8316 | | |
| E-Mail Address *(if known)* | kgrose@lccountymt.gov (work) | | |

☑ Individual capacity      ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials? Deprivation of 14th Amendment right to property without due process of law. (1) Plaintiff was purposely deprived, without adequate justification, of property that plaintiff has a legitimate claim of entitlement to. (2) The processes used to review Plaintiff's deprivations were malicious simulations intended to defraud and in fact did deprive Plaintiff of due process. (3) There are no further Constitutionally adequate state remedies available to Plaintiff for seeking relief for the intentional violations of Plaintiff's Civil Rights.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION


ATTACHMENT - I. B.


The Defendants continued.


Defendant No. 5


      Name – Emily McGlenn

      Job or Title – Lewis & Clark County Human Resources Specialist

      Address – 316 N Park Ave.

      Helena, Montana 59623 (work)

      County – Lewis & Clark

      Telephone Number – 406-447-8317 (work)

      Email – emcglenn@lccountymt.gov (work)


Defendant Number 5 / Emily McGlenn is being sued in her individual capacity.


Attachment to page 3 of 6

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See attachment #1 to page 4 of 6.

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

Helena / Lewis & Clark County, Montana.

B.   What date and approximate time did the events giving rise to your claim(s) occur?

On or about December 8, 2021 to on or about December 9, 2022.

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
Synopsis:

1 - Plaintiff has been deprived of property that he had / has a legitimate claim of entitlement to.
2 - Said property deprivation / spoliation was the result of a malicious scheme to defraud Plaintiff.
3 - Plaintiff was intentionally deprived of property without adequate justification or due process of law.
4 - Said due process deprivation was the result of a malicious scheme to defraud Plaintiff, in which the procedures used to "investigate" the intentional property deprivation were shockingly dishonest, unfair, unjust and unlawful - i.e. - constitutionally inadequate.
5 - At all stages of this ordeal, Plaintiff was consistently denied a meaningful opportunity to be heard - which is proven by the fact that Plaintiff's questions were systematically ignored and went unanswered.
6 - At all stages of this ordeal, Defendants acted with malicious intent and deliberate indifference.

See attached STATEMENT OF CLAIM (III. C. - Attachment #2 to page 4 of 6) for complete explanation.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION


ATTACHMENT - II. D.


All Defendants, while participating in a scheme to defraud Plaintiff of property and while purporting to act in the performance of their official duties, knowingly, intentionally and maliciously failed and refused to act, and deceitfully pretended to act, in accordance with Montana state law and Lewis & Clark County policies and procedures - with the malicious intent to, and resulting in, Plaintiff being unjustifiably deprived of both property and due process of law.

All defendants misused and abused the power they possessed by virtue of state law and pretended to act with the authority of state law while knowingly, intentionally and maliciously participating in a sham "review" process which was intentionally designed to defraud Plaintiff of a fair, just, unbiased and meaningful - i.e. - Constitutionally adequate - remedial process in which Plaintiff was denied the opportunity to be legitimately heard, confront and cross examine adverse witnesses and to show that the evidence used to deprive Plaintiff was untrue - which resulted in Plaintiff being unfairly deprived of both property and due process of law.


Attachment #1 to page 4 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| Greg Gerdes, | ) | |
| Plaintiff, | ) | Case No. ------------------------- |
| V. | ) | |
| Drenda Niemann, | ) | STATEMENT OF CLAIM: |
| Roger Baltz, | ) | Deprivation of property |
| Kari DesRosier, | ) | without due process of law |
| Keni Grose, | ) | * * * * * |
| Emily McGlenn, | ) | Attachment #2 to page 4 of 6 |
| Defendants. | ) | III. C. |
| ------------------------------------------------------) | | |

## INTRODUCTION

"The phrase 'scheme or artifice to defraud' means a deliberate plan of action or
course of conduct by which someone intends to deceive or to cheat another
or by which someone intends to deprive another of something of value."

U.S. v. Niemann, 265 F. Supp. 2d 1017 (N.D. Iowa 2003)

"The words 'to defraud' commonly refer to wronging one in his property rights
by dishonest methods or schemes and usually signify the deprivation
of something of value by trick, deceit, chicane or overreaching."

McNally v. United States, 483 U.S. 350 (1987)

"Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading."

U.S. v. Pruden – U.S. Court of Appeals – Fifth Circuit – April 1970

"[It is] the duty of government to follow a fair process of decision making when it acts to deprive a person of his possessions. The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment..."

Fuentes v. Shevin, 407 U.S. 67 (1972)

"The Due Process Clause entitles a person to an impartial and disinterested tribunal... This requirement of neutrality in adjudicative proceedings safeguards the two central concerns of procedural due process, the prevention of unjustified or mistaken deprivations and the promotion of participation and dialogue by affected individuals in the decision-making process... The neutrality requirement helps to guarantee that... property will not be taken on the basis of an erroneous or distorted conception of the facts or the law... At the same time, it preserves both the appearance and reality of fairness..."

Marshall v. Jerrico, Inc., 446 U.S. 238 (1980)

"In our jurisprudence... where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. . . not only in criminal cases, . . . but also in all types of cases where administrative . . . actions were under scrutiny."

Greene v. McElroy, 360 U.S. 474 (1959)

"In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses."

Goldberg v. Kelly, 397U.S. 269 (1970)

1 - On Dec. 8, 2021, Plaintiff, via email, submitted a FOIA / public records request to Drenda Niemann, requesting:

"An opportunity to inspect or obtain copies of any studies / reports / information in the possession, custody or control of the Lewis and Clark City - County Board of Health which describes the conclusive identification of an actual individual 'SARS-COV-2 virus' specimen which was identified in and/or obtained directly from a used face mask or so-called 'face covering.'"

2 - Plaintiff had / has a legitimate claim of entitlement to receive a legitimate answer in response to his records request.

3 - Drenda Niemann had / has a legal and ethical duty to legitimately answer Plaintiff's records request.

4 - Plaintiff had / has a legitimate claim of entitlement to receive a true, accurate, unequivocal and unimpaired document in response to his records request.

5 - Drenda Niemann had / has a legal and ethical duty to provide Plaintiff with a true, accurate, unequivocal and unimpaired document in response to Plaintiff's records request.

6 - Plaintiffs records request was valid.

7 - Plaintiff's records request clearly and unequivocally spelled out what specific records Plaintiff was seeking to obtain.

8 - Later on Dec. 8, 2021, Drenda Niemann, via email, submitted an intentionally impaired responsive document to Plaintiff and copied said email / document to Lewis & Clark County deputy attorney Charles Lane.

9 - Drenda Niemann's response to Plaintiff's records request did not follow

3

the Lewis & Clark County public records request response policy.

10 - The responsive document that Drenda Niemann submitted to Plaintiff did not contain any notice of denial.

11 - The responsive document that Drenda Niemann submitted to Plaintiff did not contain any claimed exceptions to the release of information.

12 - The responsive document that Drenda Niemann submitted to Plaintiff did not contain any request for clarification.

13 - The responsive document that Drenda Niemann submitted to Plaintiff gave information of facts that did not legitimately answer Plaintiff's record request.

14 - The responsive document that Drenda Niemann submitted to Plaintiff contained a www link to a Centers for Disease Control and Prevention webpage.

15 - The CDC webpage that the link in question connected to did not contain the records that Plaintiff was seeking to obtain.

16 - The responsive document that Drenda Niemann submitted to Plaintiff suggested that the www link in question contained the records that Plaintiff was seeking to obtain.

17 - The responsive document that Drenda Niemann submitted to Plaintiff did not include an admission that the records Plaintiff was seeking to obtain were not in the possession, custody or control of Lewis & Clark Public Health.

18 - The responsive document that Drenda Niemann submitted to Plaintiff suppressed and concealed material facts.

4

19 - The untrue facts that were suggested by Drenda Niemann impaired the responsive document that she submitted to Plaintiff.

20 - The facts that were suppressed and concealed by Drenda Niemann impaired the responsive document that she submitted to Plaintiff.

21 - Drenda Niemann failed and refused to legitimately answer Plaintiff's records request.

22 - Drenda Niemann failed and refused to provide Plaintiff with a true, accurate, unequivocal and unimpaired responsive document.

23 - Drenda Niemann intentionally failed and refused to properly respond to Plaintiff's records request.

24 - Drenda Niemann's response to Plaintiff's records request was an evasive misrepresentation.

25 - Drenda Niemann failed and refused to perform a mandatory duty as required by law.

26 - Later on Dec. 8, 2021, Plaintiff, via email, asked Drenda Niemann if she was unequivocally stating that the link she provided Plaintiff in response to Plaintiff's records request included the records that Plaintiff was seeking to obtain.

27 - Plaintiff informed Drenda Niemann that: "A simple - Yes. - or - No. will suffice."

28 - On Dec. 9, 2021, Drenda Niemann, via email, responded to Plaintiff's question, with "Yes" being the first word in her response.

29 - The remainder of Drenda Niemann's response evaded Plaintiff's question.

30 - Drenda Niemann's response suggested a fact that was not true.

31 - Drenda Niemann's response did not legitimately answer Plaintiff's question.

32 - Later on Dec. 9, 2021, Plaintiff, via email, asked Drenda Niemann two - Yes. - or - No. - clarifying questions about her responses.

33 - Drenda Niemann failed and refused to respond.

34 - On Dec. 13, 2021, Plaintiff, via email, asked Drenda Niemann two - True. - or - False. - clarifying questions about her responses.

35 - Drenda Niemann failed and refused to respond.

36 - On Dec. 16, 2021, Plaintiff, via email, sent Drenda Niemann a notice of liability, which included Montana Code Annotated definitions of: notice, acts, harm, knowingly, willfully, purposely, negligently, maliciously, deception, public information and official misconduct.

37 - Later on Dec. 16, 2021, Drenda Niemann, via email, confirmed receipt of said notice of liability.

38 - On Dec. 17, 2021, Plaintiff, via email, stated to Drenda Niemann:

"Now let's get back to the issue at hand." and asked her: "In any of your communications with me, including your response to this communication, have you ever attempted to get me to believe something that you knew wasn't true?"

39 - Drenda Niemann failed and refused to respond.

40 - Drenda Niemann's silence suppressed and concealed material facts.

41 - Drenda Niemann attempted to mislead Plaintiff.

42 - Drenda Niemann attempted to deceive Plaintiff.

43 - Drenda Niemann's acts were intentional.

44 - Drenda Niemann had no adequate justification for depriving Plaintiff of the property that Plaintiff had a legitimate claim of entitlement to receive.

45 - Between Dec. 10, 2021, and Dec. 22, 2021, Plaintiff exchanged numerous emails with Keni Grose about filing an ethics complaint against Drenda Niemann.

46 - On Dec. 22, 2021, Plaintiff, via email, informed Keni Grose that: "Before I initiate any ethics, criminal or civil complaints, I would like to back up and make sure that I am not missing anything."

47 - Later on Dec. 22, 2021, Plaintiff, via email, gave Keni Grose notice by forwarding all communications he had with Drenda Niemann to her.

48 - Later on Dec. 22, 2021, Plaintiff, via email, appealed to Keni Grose to: "Confirm that Ms. Niemann's response to my FOIA request included that which I was seeking to inspect and make copies of."

49 - Keni Grose failed and refused to respond.

50 - Keni Grose was / is aware of Drenda Niemann's deceitful acts related to this matter.

51 - Keni Grose had / has an ethical duty to report any job related unethical or illegal behavior to the appropriate authority.

52 - Keni Grose's silence aided and abetted Drenda Niemann's suppression and concealment of material facts.

53 - Keni Grose acted with deliberate indifference in this matter.

54 - On Dec. 24, 2021, Plaintiff, via email, gave Roger Baltz notice that Plaintiff was: "Considering filing ethical and/or criminal and/or civil complaints against Ms. Niemann" and that: "Before I initiate any said complaint(s), I would like to back up and make sure that I am not missing anything."

55 - Plaintiff informed Roger Baltz that:

"Neither Drenda Niemann nor Keni Grose will / can confirm that Ms. Niemann's response to my FOIA request included that which I was seeking to inspect and make copies of."

56 - Plaintiff appealed to Roger Baltz to: "Make that determination and thus avoid any time consuming and costly complaints and litigations."

57 - Later on Dec. 24, 2021, Plaintiff, via email, gave Roger Baltz further notice by forwarding all communications he had with Drenda Niemann to him.

58 - On Dec. 27, 2021, Roger Baltz, via email, replied to Plaintiff, confirming that he had received said communications and stated to Plaintiff that his: "Review of the matter indicates that Drenda Niemann has responded to the request for information."

59 - Roger Baltz failed and refused to make the determination of whether or not the responsive document that Drenda Niemann submitted to Plaintiff included the records that Plaintiff was seeking to obtain.

60 - Roger Baltz's response suggested that Drenda Niemann had properly

responded to Plaintiff's records request.

61 - Roger Baltz's response gave information of a fact that differed from the fact that Plaintiff clearly and unequivocally appealed to Roger Baltz to disclose.

62 - Roger Baltz's response to Plaintiff's appeal was an evasive misrepresentation.

63 - Later on Dec. 27, 2021, Plaintiff, via email, gave Roger Baltz further notice by informing Roger Baltz that:

"The issue at hand isn't whether or not Ms. Niemann "responded" to my FOIA request, but rather, was her response in accordance with the law and her official and ethical duties."

64 - Plaintiff also asked Roger Baltz:

"Mr. Baltz, is it - True. - or - False. - that Ms. Niemann's response to my FOIA request included that which I was seeking to inspect or obtain copies of?"

65 - Roger Baltz failed and refused to respond.

66 - Roger Baltz had no reasonable grounds for believing that the responsive document that Drenda Niemann submitted to Plaintiff contained the records that Plaintiff was seeking to obtain.

67 - Roger Baltz failed and refused to admit to Plaintiff that the responsive document that Drenda Niemann submitted to Plaintiff did not contain the records that Plaintiff was seeking to obtain.

68 - Roger Baltz failed and refused to admit to Plaintiff that the records Plaintiff was seeking to obtain were not in the possession, custody or control of Lewis & Clark Public Health.

9

69 - Roger Baltz failed and refused to admit to Plaintiff that the responsive document that Drenda Niemann submitted to Plaintiff did not legitimately answer Plaintiff's records request.

70 - Roger Baltz failed and refused to instruct Drenda Niemann to provide Plaintiff with a true, accurate, unequivocal and unimpaired document in response to Plaintiff's records request.

71 - Roger Baltz was / is aware of Drenda Niemann's deceitful acts related to this matter.

72 - Roger Baltz had / has an ethical duty to report any job related unethical or illegal behavior to the appropriate authority.

73 - Roger Baltz's silence aided and abetted Drenda Niemann's suppression and concealment of material facts.

74 - Roger Baltz tacitly condoned Drenda Niemann's deceitful acts related to this matter.

75 - Roger Baltz's "review of the matter" was a simulation.

76 - Roger Baltz failed and refused to perform a mandatory duty as required by law.

77 - Roger Baltz attempted to mislead Plaintiff.

78 - Roger Baltz attempted to deceive Plaintiff.

79 - Roger Baltz's acts were intentional.

80 - Roger Baltz acted with deliberate indifference in this matter.

10

81 - Roger Baltz had no adequate justification for depriving Plaintiff of the property that Plaintiff had a legitimate claim of entitlement to receive.

* * * * *

82 - On April 18, 2022, Plaintiff filed a sworn criminal complaint with Lewis & Clark County Sheriff's Sergeant Greg Holmlund against Drenda Niemann and Roger Baltz for Official Misconduct - i.e. - for purposely or negligently failing to perform any mandatory duty as required by law.

83 - Plaintiff's sworn criminal complaint alleged that both Drenda Niemann and Roger Baltz failed and refused to admit to Plaintiff that the records Plaintiff was seeking to obtain were not in the possession, custody or control of Lewis & Clark Public Health.

84 - Plaintiff's sworn criminal complaint alleged that both Drenda Niemann and Roger Baltz failed and refused to answer Plaintiff's clarifying questions as to whether or not the responsive document that Drenda Niemann submitted to Plaintiff contained the records that Plaintiff was seeking to obtain.

85 - Plaintiff's sworn criminal complaint alleged that both Drenda Niemann and Roger Baltz intentionally withheld pertinent information from Plaintiff.

86 - Plaintiff's sworn criminal complaint alleged that both Drenda Niemann and Roger Baltz attempted to mislead and deceive Plaintiff.

87 - Plaintiff's sworn criminal complaint alleged that both Drenda Niemann and Roger Baltz were: "Engaged in an evasive and deceptive unethical scheme" to

"deprive Plaintiff of Plaintiff's Constitutional Rights."

88 - Plaintiff's sworn criminal complaint alleged that both Drenda Niemann's and Roger Baltz's acts violated Plaintiff's Constitutional right to participate in the operation of government agencies.

89 - Plaintiff's sworn criminal complaint stated that: "On Jan. 14, 2022, Plaintiff submitted a FOIA request to the Centers for Disease Control and Prevention."

90 - The records that Plaintiff sought to obtain from the CDC were the same as those Plaintiff sought from Drenda Niemann / Lewis & Clark Public Health.

91 - Plaintiff's sworn criminal complaint stated that:

"On Feb. 28, 2022, the CDC emailed a reply to Plaintiff, admitting that: 'A search of our records failed to reveal any documents pertaining to your request. Specifically, the program staff searched for records containing the topic of your request but found no records.'"

92 - Said CDC reply contradicted Drenda Niemann's suggestion that the link / web page she submitted to Plaintiff contained the records that Plaintiff was seeking to obtain.

93 - On May 3, 2022, Greg Holmlund, via email, informed Plaintiff that he had: "Just called the county attorney's office. I was told they are taking no action on the case."

94 - Lewis & Clark county attorney Leo Gallagher failed and refused to interview Drenda Niemann about the validity of Plaintiff's sworn criminal complaint.

12

95 - Leo Gallagher failed and refused to interview Roger Baltz about the validity of Plaintiff's sworn criminal complaint.

96 - Leo Gallagher failed and refused to interview Plaintiff about the validity of Plaintiff's sworn criminal complaint.

97 - Leo Gallagher failed and refused to investigate Plaintiff's sworn criminal complaint.

98 - Leo Gallagher failed and refused to bring criminal charges against Drenda Niemann or Roger Baltz.

99 - Leo Gallagher failed and refused to perform mandatory duties as required by law.

100 - Leo Gallagher acted with deliberate indifference in this matter.

101 - On May 20, 2022, Plaintiff went to the Lewis & Clark county attorney's office and inquired about who in the office made the determination to "Take no action on the case."

102 - The Lewis & Clark county attorney's office refused to provide Plaintiff with the requested information.

103 - The Lewis & Clark county attorney's office suppressed and concealed a material fact.

104 - On May 20, 2022, Plaintiff filed a complaint against the Lewis & Clark county attorney's office with the Attorney General.

105 - On May 27, 2022, Plaintiff, via email, informed Charles Lane that

Plaintiff was seeking to find out who in the county attorney's office determined to take no action on the case and asked Charles Lane if he would pass that information on to Plaintiff.

106 - Charles Lane failed and refused to respond.

107 - Charles Lane's silence suppressed and concealed a material fact.

108 - On Aug. 17, 2022, nearly three months after Plaintiff filed his complaint and after numerous attempts by Plaintiff to get a response and after Plaintiff learned his complaint had been "lost" since he filed it, Dan Guzynski, Montana department of justice prosecution services bureau chief, via an attached letter in an email from the Attorney General's office, informed Plaintiff that he had "reviewed" Plaintiff's complaint against the Lewis & Clark county attorney's office and admitted to Plaintiff that: "No criminal investigation has been done in this case."

109 - Plaintiff's complaint had been suppressed and concealed by the DOJ until Plaintiff pressed for a response.

110 - Dan Guzynski failed and refused to disclose to Plaintiff that the Attorney General has supervisory powers over county attorneys in all matters pertaining to their duties and the authority to instruct Leo Gallagher to investigate the case.

111 - Dan Guzynski failed and refused to disclose to Plaintiff that Leo Gallagher was required by law to request from Plaintiff or Drenda Niemann and

14

Roger Baltz any information necessary to make a determination concerning the validity of Plaintiff's sworn criminal complaint.

112 - Dan Guzynski failed and refused to disclose to Plaintiff that if Plaintiff's sworn criminal complaint was determined to be valid, justified and alleged a criminal violation, Leo Gallagher was required by law to bring criminal charges against Drenda Niemann and Roger Baltz.

113 - On Aug. 22, 2022, Plaintiff, via email, provided Dan Guzynski evidence that Leo Gallagher violated state law by not referring Plaintiff's sworn criminal complaint and any relevant evidence to the DOJ and that the DOJ was required by law to legitimately review any evidence concerning misconduct of a local government public officer.

114 - In said email, Plaintiff asked Dan Guzynski numerous questions, including: "Please correct me if I'm wrong Dan, but is it not the law that if a county attorney receives a complaint concerning official misconduct of a local government public officer and the county attorney does not commence an action, the county attorney shall refer the complaint and any relevant evidence for the Attorney General's review within 90 days of the receipt of the complaint? If this is in fact the law, has the Lewis and Clark county attorney complied with the law on this matter?"

115 - In the same email, Plaintiff asked Dan Guzynski:

"1) Did Drenda Niemann or Roger Baltz provide Greg Gerdes with the records he was seeking to inspect - as per his FOIA request? Yes. - or - No. - ?? 2) Did Drenda Niemann or Roger Baltz admit to Greg Gerdes that the records he was seeking to inspect - as per his FOIA request - were not in the possession, custody or control of the Lewis and Clark County Board of Health? Yes. - or - No. - ??"

116 - Dan Guzynski failed and refused to respond.

117 - Dan Guzynski's silence suppressed and concealed material facts.

118 - Dan Guzynski acted with deliberate indifference in this matter.

119 - On Sept. 6, 2022, Plaintiff, via email, submitted a FOIA / public

records request to Dan Guzynski, seeking:

"Any and all records in the possession, custody or control of the Montana
Department of Justice regarding my criminal complaint against Lewis and Clark
County employees Drenda Niemann and Roger Baltz."

120 - On Sept. 21, 2022, DOJ employee Kyler Nerison, via email,

responded to Plaintiff's records request, admitting to Plaintiff that:

"The Department of Justice does not have the information you requested."

121 - On Oct. 27, 2022, Plaintiff, via email, submitted a FOIA / public

records request to Lewis & Clark county attorney Leo Gallagher, requesting:

"An opportunity to inspect and/or obtain copies of any and all records in the
possession, custody or control of the Lewis and Clark county attorney's office that
prove that someone within the Lewis and Clark county attorney's office conducted
an actual investigation of my criminal complaint against Drenda Niemann and
Roger Baltz."

122 - Leo Gallagher failed and refused to acknowledge receipt of, respond to

or answer Plaintiff's records request.

123 - Leo Gallagher failed and refused to follow the Lewis & Clark County

public records request response policy.

124 - Leo Gallagher failed and refused to perform a mandatory duty as

required by law.

125 - Leo Gallagher's silence suppressed and concealed material facts.

126 - Leo Gallagher continued to act with deliberate indifference in this matter.

127 - On Nov. 7, 2022, Plaintiff, via email, submitted a FOIA / public records request to Leo Gallagher, requesting:

"An opportunity to inspect and/or obtain copies of any and all records in the possession, custody or control of the Lewis and Clark county attorney's office that reveal what individual(s) made the decision to take "No action" due to "insufficient evidence" in regard to my criminal complaint against Lewis and Clark County employee's Drenda Niemann and Roger Baltz."

128 - On Nov. 14, 2022, Leo Gallagher penned a letter to Plaintiff, in which he admitted to Plaintiff that it was he who had "made the determination."

129 - In said letter, Leo Gallagher also admitted to Plaintiff that:

"I only file criminal actions if I believe a court will agree probable cause exists to believe a criminal law was violated and a reasonable belief a 12-person jury will unanimously agree beyond a reasonable doubt."

130 - On Nov. 17, 2022, Plaintiff, via email, submitted FOIA / public records requests to Drenda Niemann, Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn, requesting:

"An opportunity to inspect and/or obtain copies of any records / information that you shared with anyone associated with the Lewis and Clark county attorney's office - between the dates of December 7, 2021 and May 4, 2022 - that was in any way connected to the criminal complaint that I filed against Roger Baltz and Drenda Niemann."

131 - Drenda Niemann, Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn all failed and refused to answer Plaintiff's records request.

132 - Drenda Niemann, Roger Baltz, Kari DesRosier, Keni Grose and

17

Emily McGlenn all failed and refused to follow the Lewis & Clark County public records request response policy.

133 - Drenda Niemann, Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn all failed and refused to perform a mandatory duty as required by law.

134 - Drenda Niemann's, Roger Baltz's, Kari DesRosier's, Keni Grose's and Emily McGlenn's silence suppressed and concealed material facts.

135 - Drenda Niemann, Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn all acted with deliberate indifference.

136 - On Nov. 28, 2022, Plaintiff, via email, gave Leo Gallagher notice that Leo Gallagher was guilty of Official Misconduct for: "purposely or negligently failing to perform any mandatory duty as required by law."

137 - In said email, Plaintiff submitted a FOIA / public records request to Leo Gallagher for records that:

"Gives the Lewis and Clark county attorney the authority to: #1 - Ignore state law and fail and refuse to comply with - Montana Code Annotated 2021 - 7-4-2718. #2 - Ignore state law and fail and refuse to comply with - Montana Code Annotated 2021 - 2-6-1001. #3 - Claim exemption to - Montana Code Annotated 2021 - 45-7-401."

138 - Leo Gallagher failed and refused to acknowledge receipt of, respond to or answer Plaintiff's records request.

139 - Leo Gallagher failed and refused to follow the Lewis & Clark County public records request response policy.

140 - Leo Gallagher failed and refused to perform a mandatory duty as

required by law.

141 - Leo Gallagher's silence suppressed and concealed material facts.

142 - Leo Gallagher continued to act with deliberate indifference in this matter.

143 - On April 11, 2023, Plaintiff, via email, submitted a FOIA / public records request to the new Lewis & Clark county attorney Kevin Downs, requesting: "A copy of any legally promulgated law in the possession, custody or control of the Lewis and Clark county attorney's office that gives the Lewis & Clark county attorney the authority to base a decision of whether or not to file a criminal charge of official misconduct against a local government public officer using the following criteria: "A belief that a court will agree probable cause exists to believe a criminal law was violated and a reasonable belief a 12 person jury will unanimously agree beyond a reasonable doubt."

144 - On May 4, 2023, Kevin Downs penned a letter to Plaintiff, in which he failed and refused to legitimately answer Plaintiff's records request, alleging:

"Your request is for statutes and case law regarding the authority and discretion of a county attorney. Montana statutes and cases are already available to you, both on-line and at local libraries. The county attorney's office does not provide legal analysis, research, or opinions for members of the public" as his excuse.

145 - The responsive document that Kevin Downs submitted to Plaintiff gave information of facts that did not legitimately answer Plaintiff's record request.

146 - Kevin Downs failed and refused to admit to Plaintiff that the record that Plaintiff was seeking to obtain was not in the possession, custody or control of the Lewis & Clark county attorney's office.

147 - Kevin Downs' acts suppressed and concealed a material fact.

148 - On May 7, 2023, Plaintiff, via email, submitted a FOIA / public

records request to Kevin Downs requesting:

"A copy of any and all records in the possession, custody or control of the Lewis & Clark county attorney's office that gives the Lewis & Clark county attorney the authority to: #1 - Refuse to investigate a sworn complaint that alleges a criminal violation against a local government public officer. #2 - Refuse to request from a complainant, as described in #1, any information necessary to make a determination concerning the validity of the complaint. #3 - Refuse to request from the person(s) who are the subject of a complaint, as described in #1, any information necessary to make a determination concerning the validity of the complaint. #4 - Refuse to bring criminal charges against a local government public officer after a valid and justified complaint that alleges a criminal violation has been filed against them. #5 - Refuse to refer a complaint against a local government public officer concerning official misconduct and any relevant evidence for the Attorney General's review, within 90 days of receipt of the complaint - if the county attorney does not commence an action as described in #4. #6 - Refuse to legitimately answer public records requests. #7 - Refuse to perform any mandatory duty as required by law."

149 - Kevin Downs failed and refused to acknowledge receipt of, respond to or answer Plaintiff's records request.

150 - Kevin Downs failed and refused to follow the Lewis & Clark County public records request response policy.

151 - Kevin Downs failed and refused to perform a mandatory duty as required by law.

152 - Kevin Downs' silence suppressed and concealed material facts.

153 - Kevin Downs acted with deliberate indifference in this matter.

* * * * *

154 - On May 3, 2022, Plaintiff, via email, submitted an official ethics complaint to Keni Grose against Drenda Niemann and Roger Baltz.

155 - In said email, Plaintiff informed Keni Grose that:

"The best way forward with this is to just email you the criminal complaint and you can relabel it as my ethics complaint."

156 - Plaintiff's ethics (and sworn criminal) complaint alleged that Drenda Niemann failed and refused to properly respond to Plaintiff's records request.

157 - Plaintiff's ethics (and sworn criminal) complaint alleged that Roger Baltz had the authority, legal obligation and ethical duty to intervene in this matter.

158 - Plaintiff's ethics (and sworn criminal) complaint alleged that Roger Baltz was aware that Drenda Niemann failed and refused to properly respond to Plaintiff's records request.

159 - Plaintiff's ethics (and sworn criminal) complaint alleged that Drenda Niemann deceitfully insinuated that the CDC link / web page in question contained the records that Plaintiff was seeking to obtain.

160 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann and Roger Baltz were aware that the records Plaintiff was seeking to obtain were not in the possession, custody or control of Lewis & Clark Public Health.

161 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann and Roger Baltz intentionally failed and refused to admit to Plaintiff that the records Plaintiff was seeking to obtain were not in the possession, custody or control of Lewis & Clark Public Health.

162 - Plaintiff's ethics (and sworn criminal) complaint alleged that both

Drenda Niemann and Roger Baltz attempted to mislead and deceive Plaintiff.

163 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann and Roger Baltz knowingly, willingly and intentionally withheld pertinent information from Plaintiff.

164 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann and Roger Baltz were engaged in an evasive and deceptive unethical scheme to deprive Plaintiff of his Constitutional Rights.

165 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann's and Roger Baltz's acts violated Plaintiff's Constitutional right to participate in the operation of government agencies.

166 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann and Roger Baltz treated Plaintiff with contempt and disrespect.

167 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann and Roger Baltz attempted to belittle and humiliate Plaintiff.

168 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann's and Roger Baltz's acts were in violation of Montana statutes pertaining to official misconduct - i.e. - for purposely or negligently failing to perform any mandatory duty as required by law.

169 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann's and Roger Baltz's acts violated Lewis & Clark County's public records request response policy, performance and conduct policy and code of

ethics policy.

170 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann and Roger Baltz acted with willful disregard to their responsibilities.

171 - Plaintiff's ethics (and sworn criminal) complaint alleged that both Drenda Niemann's and Roger Baltz's acts directed towards Plaintiff were willful, intentional and malicious.

172 - On May 19, 2022, Brooks Robertson, Communication & Management Services LLC strategy and operations consultant, via email, informed Plaintiff that: "Lewis and Clark County have asked me to investigate your [ethics] complaint."

173 - On June 2, 2022, Brooks Robertson, via email submitted a list of "investigatory" questions to Plaintiff.

174 - Said list contained numerous questions that had no relevance in determining whether or not Drenda Niemann and/or Roger Baltz were refusing to provide Plaintiff with a true, accurate, unequivocal and unimpaired document in response to Plaintiff's records request.

175 - Said list contained numerous questions that had no relevance at all in determining whether or not Drenda Niemann and/or Roger Baltz were attempting to defraud Plaintiff out of a legitimate responsive document that Plaintiff had / has a legitimate claim of entitlement to receive.

176 - Said irrelevant questions were demeaning and insultingly meaningless.

23

177 - On June 6, 2022, Plaintiff, via email, sent his reply to Brooks Robertson, unequivocally stating that: "the fundamental question here [is]: Did Drenda Niemann properly respond to my FOIA request - Yes. - or - No. - ??"

178 - Throughout his reply, Plaintiff repeatedly asked Brooks Robertson: "Did Drenda properly respond to my FOIA request - Yes. - or - No. - ??"

179 - Throughout his reply, Plaintiff repeatedly asked Brooks Robertson, in a "Yes. - or - No. - ??" format, if he could show Plaintiff: "Where in Drenda's response she actually provided me with..." the records that Plaintiff was seeking to obtain.

180 - Throughout his reply, Plaintiff repeatedly asked Brooks Robertson, in a "Yes. - or - No. - ??" format: "Within the CDC link in question proffered to me by Drenda can you find...." the records that Plaintiff was seeking to obtain.

181 - On June 8, 2022, Brooks Robertson, via email, responded to Plaintiff's reply, and sent Plaintiff a list of follow-up questions.

182 - Brooks Robertson failed and refused to answer any of Plaintiff's questions.

183 - Brooks Robertson alleged to Plaintiff that: "In your response, you have asked me some questions that are outside the scope of my role. Therefore, I will not be able to answer your questions."

184 - On June 12, 2022, Plaintiff, via email, replied to Brooks Robertson's

follow-up questions and copied his response to numerous individuals, including:

Kari DesRosier, Keni Grose, Emily McGlenn, Charles Lane, Kevin Downs and

Leo Gallagher.

185 - In his reply, Plaintiff asked Brooks Robertson numerous questions,

including: "Is it - True. - or - False - that Roger Baltz had the responsibility to
make the determination of whether or not Drenda Nieman properly responded to
my FOIA request? and: "In Roger's alleged "review" of the matter, did Roger ever
ask Drenda if her response to my FOIA request was proper and contained the
information that I was seeking to inspect or obtain copies of?" and: "During
Roger's so-called "review" of this matter, did Drenda ever claim or insinuate to
Roger that her response to my FOIA request was proper and contained the
information that I was seeking to inspect or obtain copies of?"

186 - In his reply, Plaintiff also asked Brooks Robertson:

"Does the definition of deprive include the withholding of something - Yes. - or -
No. - ??" and: "Does the definition of right include the legal entitlement to have or
obtain something - Yes. - or  - No. - ??"

187 - In his reply, Plaintiff also asked Brooks Robertson (more than once):

"Did Drenda Niemann properly respond to my FOIA request - Yes. - or - No. - ?"

188 - Throughout his reply, Plaintiff repeatedly asked Brooks Robertson, in

A "Yes. - or - No. - ??" format, if Brooks could: "Find anywhere in any response I

received from Drenda or Roger..." the records that Plaintiff was seeking to obtain.

189 - Brooks Robertson failed and refused to answer any of Plaintiff's

questions.

190 - Brooks Robertson failed and refused to disclose to Plaintiff who he

25

interviewed during his investigation.

191 - Brooks Robertson failed and refused to disclose to Plaintiff what evidence he collected and relied upon to reach his conclusion.

192 - Brooks Robertson failed and refused to allow Plaintiff to confront and cross examine adverse witnesses.

193 - Brooks Robertson failed and refused to provide Plaintiff the opportunity to prove that the information he collected and relied upon was untrue.

194 - Brooks Robertson failed and refused to provide Plaintiff a fair hearing.

195 - Brooks Robertson's investigation was a simulation.

196 - On Aug. 24, 2022, Kari DesRosier, via email, informed Plaintiff that: "The third party conducting the investigation of the 59-item complaint you filed has concluded that investigation. Each allegation within the complaint was found to be unsubstantiated."

197 - Kari DesRosier was / is aware that Brooks Robertson portrayed himself and his investigation as unbiased.

198 - Kari DesRosier was / is aware that Brooks Robertson had no reasonable grounds for believing that the records Plaintiff was seeking to obtain were in the possession, custody or control of Lewis & Clark Public Health.

199 - Kari DesRosier was / is aware that Brooks Robertson had no reasonable grounds for believing that the responsive document that Drenda Niemann submitted to Plaintiff contained the records that Plaintiff was seeking to obtain.

200 - Kari DesRosier was / is aware that Brooks Robertson had no reasonable grounds for believing that the CDC link / webpage in question contained the records that Plaintiff was seeking to obtain.

201 - Kari DesRosier was / is aware that Brooks Robertson had no reasonable grounds for believing that Drenda Niemann properly responded to Plaintiff's records request.

202 - Kari DesRosier was / is aware that Brooks Robertson repeatedly failed and refused to answer the following question that Plaintiff repeatedly posed to Brooks Robertson during his investigation: "Did Drenda Niemann properly respond to my FOIA request - Yes. - or - No. - ??"

203 - Kari DesRosier was / is aware that Brooks Robertson had no adequate justification for his conclusion.

204 - Kari DesRosier was / is aware that Brooks Robertson's conclusion was demonstrably false and shockingly dishonest.

205 - Kari DesRosier was / is aware that Brooks Robertson's investigation was a simulation.

206 - On Aug. 25, 2022, Plaintiff, via email, asked Kari DesRosier:

"1) Did Drenda Niemann or Roger Baltz provide Greg Gerdes with the records he was seeking to inspect - as per his FOIA request? Yes. - or - No. - ?? 2) Did Drenda Niemann or Roger Baltz admit to Greg Gerdes that the records he was seeking to inspect - as per his FOIA request - were not in the possession, custody or control of the Lewis and Clark County Board of Health? Yes. - or - No. - ??"

207 - Kari DesRosier failed and refused to respond.

27

208 - Kari DesRosier was / is aware of Drenda Niemann's and Roger Baltz's unethical and illegal acts related to this matter.

209 - Kari DesRosier had / has an ethical duty to report any job related unethical or illegal behavior to the appropriate authority.

210 - Kari DesRosier's silence suppressed and concealed material facts.

211 - Kari DesRosier's silence aided and abetted Drenda Niemann's and Roger Baltz's unethical and illegal acts.

212 - On Dec. 8, 2022, Plaintiff, via email, submitted a FOIA / public records request to Kari DesRosier requesting records that:

"#1 - Gave anyone employed by Lewis and Clark County the authority to hire Communication & Management Services, LLC to investigate my ethics complaint against Drenda Niemann and Roger Baltz and: #2 - Identifies what individual(s) made the decision to hire Communication & Management Services, LLC to investigate my ethics complaint against Drenda Niemann and Roger Baltz."

213 - Kari DesRosier acknowledged receipt of Plaintiff's record request, but failed and refused to answer said request.

214 - Kari DesRosier failed and refused to follow the Lewis & Clark County public records request response policy.

215 - Kari DesRosier failed and refused to perform a mandatory duty as required by law.

216 - Kari DesRosier suppressed and concealed material facts.

217 - Kari DesRosier acted with deliberate indifference.

* * * * *

218 - On Oct. 20, 2022, Plaintiff, via email, submitted a FOIA / public records request to Kari DesRosier, requesting:

"An opportunity to inspect or obtain copies of each and every individual, identifiable and referenceable study / report that Drenda Niemann proffered to me in response to my FOIA request to her on December 8th, 2021."

219 - Plaintiff's records request included the caveat:

"Please note that I am not requesting to inspect the contents of a www link - but rather, each and every - SPECIFIC - individual study / report itself that Drenda Niemann proffered to me in response to my FOIA request to her on December 8th, 2021 - which can be cited as such in a legal document."

220 - Plaintiff's records request clearly and unequivocally spelled out what specific records Plaintiff was seeking to obtain.

221 - Plaintiff's records request clearly and unequivocally spelled out what specific records Plaintiff was NOT seeking to inspect.

222 - On Nov. 1, 2022, Drenda Niemann, via email, responded to Plaintiff's records request with an intentionally impaired document and copied said response / document to Lewis & Clark County deputy attorney Nicho Hash.

223 - Plaintiff did not address or submit his records request to Drenda Niemann.

224 - Drenda Niemann's response to Plaintiff's records request did not follow the Lewis & Clark County public records request response policy.

225 - The responsive document that Drenda Niemann submitted to Plaintiff did not contain any request for clarification.

226 - The responsive document that Drenda Niemann submitted to

Plaintiff consisted of approximately 294 words and contained a link to the same

CDC webpage that she submitted to Plaintiff on Dec. 8, 2021.

227 - Drenda Niemann stated in her response that said link: "includes 90

references to studies and research" and that: "Those 90 references are located at the

link provided."

228 - Drenda Niemann also stated to Plaintiff that Lewis and Clark Public

Health did not have: "original studies or research that fits your request for

information."

229 - Plaintiff never asked for, nor did his records request include, the

phrase: "original studies or research."

230 - Drenda Niemann also stated to Plaintiff:

"I hope this information was helpful in answering your question."

231 - Plaintiff's records request was not formulated as a question.

232 - The only question included in Plaintiff's records request was:

"Did Drenda Niemann properly respond to Greg Gerdes' FOIA request of
December 8, 2021 - Yes. - or - No. - ??"

233 - Drenda Niemann did not answer said question.

234 - Drenda Niemann failed and refused to admit to Plaintiff that she /

Lewis & Clark Public Health was not in possession, custody or control of

any individual, identifiable or referenceable study / report that she proffered to

Plaintiff in response to Plaintiff's FOIA request to her on Dec. 8, 2021.

235 - The responsive document that Drenda Niemann submitted to Plaintiff gave information of facts that did not legitimately answer Plaintiff's record request.

236 - The other facts that Drenda Niemann included in the responsive document that she submitted to Plaintiff impaired said document.

237 - The responsive document that Drenda Niemann submitted to Plaintiff suppressed and concealed material facts.

238 - The suppressed and concealed facts that Drenda Niemann failed and refused to include in the responsive document that she submitted to Plaintiff impaired said document.

239 - Drenda Niemann failed and refused to legitimately answer Plaintiff's records request.

240 - Drenda Niemann failed and refused to provide Plaintiff with a true, accurate, unequivocal and unimpaired document.

241 - Drenda Niemann intentionally failed and refused to properly respond to Plaintiff's records request.

242 - Drenda Niemann's response was a superfluous, evasive and equivocal misrepresentation.

243 - On Nov. 3, 2022, Plaintiff, via email, stated to Drenda Niemann that:

"Due to the fact that your reply to my FOIA / Public Records Request is filled with irrelevant information" and "the ambiguity of your "summary" and your feigning final sentence,"

Plaintiff asked Drenda Niemann to provide Plaintiff with a more precise and

31

unambiguous reply.

244 - In said email, Plaintiff attempted to get Drenda Niemann to disclose

precisely how many:

"Individual, identifiable, referenceable and citable studies / reports - which actually and properly fulfill my FOIA / Public Records Request - did you proffer to me in your response?"

245 - Plaintiff also stated to Drenda Niemann that: "your clarification

answer need be nothing more than a single number."

246 - Drenda Niemann failed and refused to respond.

247 - Drenda Niemann's silence suppressed and concealed a material fact.

248 - Drenda Niemann attempted to mislead Plaintiff.

249 - Drenda Niemann attempted to deceive Plaintiff.

250 - Drenda Niemann's purposeful acts were contemptuous and malicious.

251 - On Nov. 7, 2022, Plaintiff, via email, submitted a FOIA / public

records request to Kari DesRosier, Keni Grose and Emily McGlenn, requesting:

"An opportunity to inspect and/or obtain copies of each and every individual, identifiable, referenceable and citable study / report - which is known to the Lewis and Clark County Human Resources Department personnel / Kari DesRosier, Keni Grose or Emily McGlenn - that Drenda Niemann proffered to me in response to my FOIA request to her on December 8th, 2021."

252 - On Nov. 14, 2022, Plaintiff, via email submitted a FOIA / public

records request to Roger Baltz, requesting:

"An opportunity to inspect and/or obtain copies of each and every individual, identifiable, referenceable and citable study / report – that is known to you – which Drenda Niemann proffered to me in response to my FOIA request to her on December 8th, 2021."

253 - On Nov. 17 & 18, 2022, Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn, via email, all responded to Plaintiff's records request with virtually identical impaired documents.

254 - The responses of Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn did not follow the Lewis & Clark County public records request response policy.

255 - In said responsive documents, Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn all admitted to Plaintiff that they were: "not in possession of records that are responsive to your request."

256 - In said responsive documents, Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn all stated that:

"However, I am aware of the information referenced in the emails sent to you by Drenda Niemann" and that: "those emails included a link to the CDC website."

257 - In said responsive documents, Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn all added that: "The reports and studies can be accessed through the CDC link."

258 - The responsive documents that Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn submitted to Plaintiff suggested a fact that was not true.

259 - The other facts that Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn included in the responsive documents they submitted to Plaintiff impaired said documents.

260 - Drenda Niemann, Roger Baltz, Kari DesRosier, Keni Grose and Emily

McGlenn all schemed to deprive Plaintiff of true, accurate, unequivocal and unimpaired responsive documents.

261 - Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn all failed and refused to provide Plaintiff with a true, accurate, unequivocal and unimpaired responsive document.

262 - Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn all failed and refused to legitimately answer Plaintiff's records request.

263 - Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn all failed and refused to properly respond to Plaintiff's records request.

264 - The responses of Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn were all equivocal misrepresentations.

265 - Roger Baltz's, Kari DesRosier's, Keni Grose's and Emily McGlenn's acts were intentional, contemptuous and malicious.

266 - Drenda Niemann, Roger Baltz, Kari DesRosier, Keni Grose and Emily McGlenn all deliberately deprived Plaintiff – without due process of law – of property that Plaintiff had / has a legitimate claim of entitlement to receive.

\* \* \* \* \*

"Property" means a tangible or intangible thing of value. Property includes but is not limited to: …documents..."

45-2-101 - (61) (i) – Montana Code Annotated 2021.

"There may be ownership of: …Rights created or granted by statute."

70-1-104 (5) – In what things property interests may exist – MCA 2021.

34

\* \* \* \* \*

1 - Defendants intentionally, maliciously, unethically and illegally despoiled and impaired the documents that Plaintiff was seeking to obtain.

2 - Defendants deprived Plaintiff of documents which Plaintiff had / has a legitimate claim of entitlement to obtain.

3 - Defendants intentionally and maliciously deprived Plaintiff of property.

4 - Defendants had no adequate justification for depriving Plaintiff of property.

5 - Defendants acted with malicious intent and deliberate indifference and their intentional and illegal deceptions were so egregious that they shock the conscience.

6 - Plaintiff was deprived of fair, honest and neutral hearing / review process.

7 - Plaintiff was denied the ability to legitimately be heard.

8 - The sham review process that Plaintiff was forced to endure was a grossly insulting, contemptuous, disdainful and demeaning transparent simulation.

9 - Plaintiff suffered damages in the form of emotional distress and the impaired ability to participate in government agencies - a Right which was created by statute and codified under Article II, Section II, Part 8 of the Montana Constitution.

10 - Defendants deceptive and illegal acts were carried out under color of law.

11 - Plaintiff has been deprived of both procedural and substantive due process.

12 - Plaintiff has no further Constitutionally adequate remedies for seeking relief.

13 - Plaintiff seeks to hold Defendants accountable for their intentional, malicious and conscience shocking abuse of power that effected the deprivations at issue.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Emotional distress - which manifested itself in numerous physical symptomologies.

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff demands that Defendants be held accountable for their unjustified malicious acts and abuse of power.
1 - Plaintiff demands relief in the form of compensatory damages as well as punitive damages - in an amount to be determined at trial - based on Defendants intentional, conscience shocking egregious acts and deliberate, wanton and reckless disregard for Plaintiff's rights (as is explained in his claim), in addition to costs and fees together with such other and further relief as the court may deem reasonable and just under the circumstances.

2 - Plaintiff demands that a judicial determination be made that Defendants conduct upon which Plaintiff's claim is made constitutes malice - as is defined in 1-1-204 of the Montana Code Annotated 2021, and deceit - as is defined in 27-1-712 of the Montana Code Annotated 2021.

3 - Plaintiff demands that a judicial determination be made that Defendants conduct upon which Plaintiff's claim is made constitutes a criminal offense as is defined in 45-4-103 (attempt), 45-4-102 (conspiracy), 45-7-208 (tampering with public records) and 45-7-401 (official misconduct) of the Montana Code Annotated 2021.

4 - Plaintiff demands that the facts of this case be presented to a Federal Grand Jury for investigation of Defendants violations of 18 U.S. Code 241 (Conspiracy Against Rights) and 18 U.S. Code 1343 (Wire Fraud).

5 - Plaintiff demands that Defendants be ordered by the court to provide Plaintiff with a true, accurate, unequivocal and unimpaired responsive document to each public records request they received from Plaintiff.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    8 - 24 - 23

Signature of Plaintiff

Printed Name of Plaintiff    Greg R. Gerdes

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | | State | Zip Code |
|---|---|---|---|---|

Telephone Number

E-mail Address