IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GREG R. GERDES,<br><br>            Plaintiff,<br><br>vs.<br><br>DRENDA NEIMANN, ROGER BALTZ, KARI DESROSIER, KENI GROSE, and EMILY MCGLENN,<br><br>            Defendants. | CV 23-58-H-KLD<br><br>ORDER |

Plaintiff Greg Gerdes, who is proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that Defendants Drenda Neimann, Roger Baltz, Kari Desrosier, Keni Grose, and Emily McGlenn violated his constitutional rights by failing to adequately respond to requests for public information. Defendants move to dismiss the Complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is granted and this matter is dismissed.

I.    **Background**[1]

On December 8, 2021, Gerdes emailed a request for public information to Lewis and Clark County Health Official Drenda Neimann, requesting:

---

[1] The following facts are taken from the Complaint (Doc. 1) and assumed to be true for the limited purpose of resolving Defendants' motion to dismiss.

1

> An opportunity to inspect or obtain copies of any studies/reports/information in the possession, custody or control of Lewis and Clark City-County Board of Health which describes the conclusive identification of an actual individual 'SARS-COV-2 virus' specimen which was identified in and/or obtained directly from a used face mask or so-called 'face covering.'

(Doc. 1 at 10, ¶ 1).

Neimann responded to Gerdes' request later that day by sending him a link to the Centers for Disease Control and Prevention webpage. (Doc. 1 at ¶¶ 8, 14). Gerdes sent another email to Neimann asking if the link she had provided included the information he sought. (Doc. 1 at ¶ 26). On December 9, 2021, Neimann responded with an email that stated, in part, "Yes," but according Gerdes, "did not legitimately answer" his question. (Doc. 1 at ¶¶ 28, 31).

Gerdes emailed Neimann two more times over the next few days, asking her "two – True. – or – False – clarifying questions about her responses." (Doc. 1 at ¶¶ 32-36). Neimann did not respond, and on December 16, 2021, Gerdes emailed Neimann a "notice of liability" referencing unspecified sections of the Montana Code Annotated. (Doc. 1 at ¶¶ 33, 35, 36). Neimann confirmed receipt of the "notice of liability" but did not respond to a follow up email Gerdes sent on December 17, 2021, asking her whether she had "ever attempted to get [him] to believe something that you know wasn't true." (Doc. 1 at ¶¶ 38-39).

Gerdes also began contacting Lewis and Clark County employee Defendant Keni Grose, regarding the same request for information to which Neimann had

responded. (Doc. 1 at ¶¶ 45-48). Gerdes advised Grose that he wanted to make sure that he was "not missing anything" before initiating "any ethics, criminal, or civil complaints." (Doc. 1 at ¶ 46). Grose did not respond, and on December 24, 2021, Gerdes emailed Lewis and Clark County's Chief Administrative Officer, Roger Baltz, complaining about the allegedly deficient response to his request for information, and explaining that he was "[c]onsidering filing ethical and/or criminal and/or civil complaints against Ms. Niemann." (Doc. 1 at ¶¶ 54-56). Baltz responded by email on December 27, 2021, stating that "[r]eveiw of the matter indicates that Drenda Neimann has responded to the request for information." (Doc. 1 at ¶ 58).

Gerdes claims that Neimann, Grose, and Baltz failed to adequately respond to his December 8, 2021, request for information, and acted intentionally and with deliberate indifference to mislead and deceive him. (Doc. 1 at ¶¶ 39-43; 49-52; 65-80).

On April 18, 2022, Gerdes "filed a sworn criminal complaint" with the Lewis and Clark County Sheriff against Neimann and Baltz for official misconduct arising out of his request for information. (Doc. 1 at ¶ 82). Gerdes claimed that Neimann and Baltz "failed and refused to admit to Plaintiff that the records Plaintiff was seeking to obtain were not in the possession, custody or control of Lewis & Clark Public Health." (Doc. 1 at ¶83). Gerdes also attempted to pursue

criminal charges against then County Attorney Leo Gallagher, based on his failure and refusal to investigate the matter or bring criminal charges against Niemann or Baltz. (Doc. 1 at ¶¶ 94-104).

In May 2022, Gerdes filed a complaint with the Montana Office of the Attorney General in an attempt to find out who at the Lewis and Clark County Attorney's Office made the determination to take no action on his criminal complaint against Neimann and Baltz. (Doc. 1 at ¶¶ 104-105). Over the course of the next several months, Gerdes emailed several additional requests for information to Gallagher, Lewis and Clark County Attorney Kevin Downs, and employees of the Montana Department of Justice concerning the County's response to his December 8, 2021, request for information and the County's handling of his criminal complaint against Neimann and Baltz. (Doc. 1 at ¶¶ 105-129; 136-153).

Also in May 2022, Gerdes emailed an ethics complaint to Grose against Niemann and Baltz. (Doc. 1 at ¶ 154). Gerdes wrote that "[t]he best way forward with this is to just email you the criminal complaint and you can relabel it as my ethics complaint." (Doc. 1 at ¶ 155). Gerdes' ethics complaint and criminal complaint made essentially the same allegations, including for example that Niemann and Baltz violated his Constitutional rights, Montana statutes pertaining to official misconduct, and the County's public records request response policy.

(Doc. 1 at ¶¶ 156-171). Gerdes further claims that Brooks Robertson—a third party enlisted by the County to investigate the ethics complaint—refused to answer his questions and otherwise conducted a deficient and improper investigation. wrongfully found that the allegations in his ethics complaint were unsubstantiated. (Doc. 1 at ¶¶ 172-196).

On August 24, 2022, Defendant Kari DesRosier, Lewis and Clark County's Human Resources Manager, emailed Gerdes to inform him that "[t]he third party conducting the investigation of the 59-item complaint you filed has concluded that investigation. Each allegation within the complaint was found to be unsubstantiated." (Doc. 1 at ¶ 196). Gerdes claims that DesRosier was aware the investigation was inadequate, knew the investigator's conclusion was "demonstrably false and shockingly dishonest," and had aided and abetted Neimann and Baltz's "unethical and illegal acts." (Doc. 1 at ¶¶197-205; 208-211).

On August 25, 2022, Gerdes sent DesRosier an email asking her about the sufficiency of Niemann and Baltz's response to his December 8, 2021 request for information:

> 1) Did Drenda Niemann or Roger Baltz provide Greg Gerdes with the records he was seeking to inspect – as per his FOIA request? Yes. – or – No. - ?? 2) Did Drenda Niemann or Roger Baltz admit to Greg Gerdes that the records he was seeking to inspect – as per his FOIA request – were not in the possession, custody or control of the Lewis and Clark County Board of Health? Yes. – or – No. ??

(Doc. 1 at ¶ 206). DesRosier did not respond to Gerdes' inquiry. (Doc. 1 at ¶ 207).

On October 20, 2022 and Gerdes emailed DesRosier requesting "[a]n opportunity to inspect or obtain copies of each and every individual, identifiable, referenceable study/report that Drenda Neimann proffered to me in response to my FOIA request to her on December 8th, 2021." (Doc. 1 at ¶ 218). Gerdes sent a similar email request to DesRosier, Grose, and Emily McGlenn on November 7, 2022, and to Baltz on November 14, 2022. (Doc. 1 at ¶¶ 218-266). Gerdes alleges that Defendants did not adequately respond to these requests. (Doc. 1 at ¶¶ 218-266).

On November 17, 2022, Gerdes emailed a request for information to all named Defendants—Niemann, Baltz, Grose, DesRosier, and Emily McGlenn—requesting:

> An opportunity to inspect and/or obtain copies of any records/information that you shared with anyone associated with the Lewis and Clark county attorney's office — between the dates of December 7, 2021 and May 4, 2022 — that was in any way connected to the criminal complaint that I filed against Roger Baltz and Drenda Niemann.

(Doc. 1 at ¶ 130). Gerdes claims that Defendants wrongfully failed and refused to respond to this records request. (Doc. 1 at ¶¶ 131-134).

Finally, on December 8, 2022, Gerdes emailed DesRosier again, asking for records that:

> #1 – Gave anyone employed by Lewis and Clark County the authority to hire Communication & Management Services, LLC to investigate my ethics complaint against Drenda Neimann and Roger Baltz and: #2 – Identifies what individual(s) made the decision to hire Communications &

> Management Services, LLC to investigate my ethics complaint against Drenda Neimann and Roger Baltz.

(Doc. 1 at ¶ 212). DesRosier acknowledged receiving Gerdes' request "but failed and refused to answer." (Doc. 1 at ¶ 213).

Gerdes alleges that he had a property interest in the documents that were the subject of his requests for information, and that Defendants deprived him of that property interest in violation of his right to due process under the Fourteenth Amendment to the United States Constitution. (Doc. 1 at 4, 41 ¶ 266, 42). Gerdes seeks compensatory and punitive damages, demands a judicial determination that the Defendants engaged in criminal conduct, and asks the Court to order Defendants to respond to his requests for information. (Doc. 1 at 43).

## II.     Legal Standards

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court's standard of review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting Rule 8). Although Rule 8(a)(2) does not require "detailed factual allegations," a plaintiff must set forth more than bare allegations that the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 677-78.

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

### III.  Discussion

As a preliminary matter, the Court notes that Gerdes frequently refers in the

Complaint to his requests for information as "FOIA requests." (*See e.g.* Doc. 1 at ¶¶ 1, 48, 121, 127, 130). To the extent Gerdes means to allege that Defendants violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, by failing to adequately respond to his initial or subsequent requests for information, he fails to state a claim for relief. FOIA applies to the federal government only, not to municipal or state agencies or their employees. *See Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir 1985); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373-74 (9th Cir. 1981) (FOIA does not apply to state agencies or their employees). Because Defendants are Lewis and Clark County employees, FOIA does not apply, and does not provide a basis for Gerdes's claims under § 1983. *See Palmer v. King County*, 2021 WL 1788393, at *4-5 (W.D. Wash. May 5, 2021) (FOIA "does not confer rights enforceable under § 1983").

The Court also takes this opportunity to point out that many of Gerdes's allegations of wrongdoing are leveled against individuals who are not named as defendants, including county attorneys Gallagher and Downs, and investigator Robertson. To the extent Gerdes complains that individuals who are not named as defendants wrongfully failed to respond to requests for information, he does not and cannot state a claim for relief. Even if Gerdes had identified these individuals as defendants, any claims against them would be subject to dismissal for the reasons explained below.

All of the allegations in the Complaint stem from the first request for public information that Gerdes emailed to Neimann on December 8, 2021, asking for "any studies/reports/information in the possession, custody, or control of Lewis and Clark City-County Board of Health" describing the conclusive identification of a "SARS-COV-2 virus' specimen" obtained directly from a face mask. (Doc. 1 at 10 ¶ 1). Although Gerdes claims Neimann's response directing him to the Centers for Disease Control and Prevention was insufficient, he does not allege any facts from which it could reasonably be inferred that the County had any such information in its possession, custody or control.

Liberally construed, the Complaint identifies three additional requests for public information directed one or more of the named Defendants. First, on August 25, 2022, Gerdes emailed DesRosier asking her about the sufficiency of Neimmann and Baltz's response to his December 8, 2021 request for information. (Doc. 1 at ¶ 206). This request is redundant, and Gerdes has not alleged facts demonstrating that DesRosier was required to respond.

Second, on November 17, 2022, Gerdes emailed all Defendants asking for any records or information "that was in any way connected to the criminal complaint that [Gerdes] filed against Roger Baltz and Drenda Neimann." (Doc. 1 at ¶ 130). Finally, on December 8, 2022, Gerdes emailed DesRosier again, asking who at the County had made the decision to hire the third party responsible for

investigating his ethics complaint. (Doc. 1 at ¶ 212). These requests seek potential investigative information, the dissemination of which is governed by the Criminal Justice Information Act. *See* Mont. Code Ann. § 44-5-303. Montana's public disclosure laws exempt confidential information from the definition of "public information," and Gerdes has not alleged any facts demonstrating that Defendants wrongfully failed to respond to his requests. *See* Mont. Code Ann. § 2-6-1002(11).

But even if Gerdes could allege additional relevant facts, Defendants argue that Gerdes cannot state a claim for violation of due process because he does not have a constitutionally protected property interest in the documents and information that were the subject of his requests for information. The Court agrees.

Gerdes brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action for the violation of federal constitutional rights by persons acting under color of state law. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that he alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Gerdes alleges that Defendants, acting under color of state law, violated his Fourteenth Amendment due process rights. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life,

liberty or property, without due process of law," and provides a basis for both substantive and procedural due process claims. U.S. Const. Amend. XIV, § 1. "A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.,* 24 F.3d 56, 62 (9th Cir. 1994) (citing *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).

Property interests are not created by the United States Constitution. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). "Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents,* 408 U.S. at 577. "Only if the governing statute compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, does it create a constitutionally protected property interest." *Shanks v. Dresel*, 540 F.3d 1082, 1091 (9th Cir. 2008).

Liberally construed, the Complaint can be read as alleging violations of Montana's public records statutes, which provide that public agencies "shall respond in a timely manner to requests for public information by making public information "available for inspection and copying by the requesting person" or "providing the requesting person with an estimate of the time it will take to fulfill

12

the request if the public information cannot be readily identified and gathered[].]" Mont. Code Ann. § 2-6-1006(2)(a). Public information means "information prepared, owned, used, or retained by any public agency relating to the transaction of official business, regardless of form, except for confidential information that must be protected against public disclosure under applicable law." Mont. Code Ann. § 2-6-1002(11). Although § 2-6-1006 requires disclosure of public information, agencies presumably have some discretion in determining what constitutes public information, including whether the information sought relates to the transaction of official business, and whether the information sought is confidential.

Other federal district courts have held that comparable state public disclosure laws do not create a protected property or liberty interest as required to maintain a Fourteenth Amendment due process claim. In *Garcia v. Perrault*, 2018 WL 6817050, at *4-5 (D. Or. Sept 26, 2018), for example, the district court held that Oregon public records laws, which used the word "shall" in defining the duty to disclose, did not create a protected liberty or property interest. Likewise, in *Miramontes v. Zellerbach*, 2014 WL 793143, at *7 (C.D. Cal. Feb. 26, 2014), the district court rejected a due process claim based on California's public records statutes, noting that "federal courts have held that other states' comparable public disclosure laws do not give rise to a liberty or property interest protectible by the

Fourteenth Amendment.") *See also*, *Dudgeon v. Richards*, 442 Fed. Appx. 267 (9th Cir. 2011) (affirming dismissal of a Fourteenth Amendment due process claim because the plaintiff "failed to allege the deprivation of a constitutional or state-created liberty or property interest" based on alleged violations of Washington's public records statutes); *O'Bradovich v. Village of Tuckahoe*, 325 F.Supp.2d 413, 432 (S.D.N.Y. 2004) (holding that plaintiff's allegations were insufficient to state a Fourteenth Amendment due process claim based on denial of request under New York's Freedom of Information Law because the law did not create a protectible property interest).

Here, as in *Garcia*, Montana's public records statutes use the word "shall" in requiring public agencies to respond in a timely manner to requests for public information. The same statutes leave public agencies with some discretion to determine what constitutes public information. Accordingly, the Court concludes that Montana's public records statutes do not create a property interest protected by the Fourteenth Amendment.

Gerdes does not seem to dispute that protected property interests are created by state law, and instead asserts his due process claims are not based on Montana's public records statutes. But assuming that is so, Gerdes does not explain what state-created property interest he might be relying on as a basis for his due process claims. Because Gerdes has not alleged facts demonstrating that he has a protected

14

property interest as required to maintain a Fourteenth Amendment due process claim, he fails to state a claim for relief under § 1983. This deficiency cannot be cured by amendment, which means that dismissal without leave to amend is appropriate.

## IV.  Conclusion

For the reasons explained above,

IT IS ORDERED that Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 6) is GRANTED and this case is dismissed.

DATED this 5th day of August, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge